Nathan Brown (SBN: 033482)
BROWN PATENT LAW
15100 N. 78th Way, Suite 203
Scottsdale, AZ 85260
602-529-3474
Nathan.Brown@BrownPatentLaw.com

Timothy F. Coons (SBN: 031218)
COPPER CANYON LAW, LLC
43 East 1st Avenue
Mesa, AZ 85210
Ph: (480) 833-3838
Fax: (480) 833-3837
Timothy@coppercanyonlaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ARIZONA

| | |
|---|---|
| IFIXITUSA LLC, and Sarkes Mrkdichian LLC, Arizona Companies <br><br>         Plaintiffs, <br><br> vs. <br><br> Ifixit Corporation, A California Corporation. <br><br>         Defendant | Case No.: <br><br><br> **COMPLAINT** |

Plaintiffs IFIXITUSA LLC and Sarkes Mrkdichian LLC ("IFIXITUSA" or

"Plaintiffs") for its complaint against Defendant ifixit Corporation ("ifixit" or

"Defendant") regarding the domains <IFIXITUSA.com> and

<IFIXITBUSINESS.com> ("Disputed Domain") hereby alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this action pursuant to 28

COMPLAINT - 1

U.S.C. § 1331, 15 U.S.C. § 1114(2)(D)(v), and 28 U.S.C. § 2201 that Plaintiffs' registration and use of the Disputed Domain is not unlawful under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) and Defendant has engaged in Reverse Domain Name Hijacking.

2. This Court has personal jurisdiction over Defendant as a result of Defendant's initiation of an administrative proceeding against the Disputed Domain pursuant to the Uniform Domain Name Resolution Policy ("UDRP").

3. Venue is proper in this District under 28 U.S.C. § 1391 (b)(2). A substantial part of the property that is subject of this action is situated in this District. Moreover, venue is proper in this district due to Defendant's voluntary submission to this Court's jurisdiction when Defendant filed a complaint with the World Intellectual Property Office (WIPO) dispute resolution service concerning Plaintiffs' registration of the Disputed Domain.

4. The Disputed Domain has its situs in this District within the meaning of 15 U.S.C. § 1125(d)(2)(C). The registrar for the Disputed Domain is GODADDY, which is not only headquartered in this District, but upon information and belief also has additional business locations in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5. Upon information and belief, Defendant did not sell Computers when

COMPLAINT - 2

Plaintiff registered the domains.

6.  On June 6, 2006, Kyle Wiens filed for a U.S. Trademark Application Serial Number 78901606.

7.  On June 6, 2006, Kyle Wiens filed for a U.S. Trademark Application Serial Number 78901606, with an Original Filing Basis of 1A.

8.  Upon information and belief, IFIXIT Corporation is the last listed owner of the 3255680 Trademark.

9.  Upon information and belief, when filed on June 6, 2006, Application Serial Number 78901606, was listed in International Class 035; for Goods & Services not limited to: "Online retail store featuring computers, computer peripherals and computer accessories, namely, notebook computers, laptop computers[.]"

10. Upon information and belief Defendant did not provide "Online retail store featuring computers, computer peripherals and computer accessories, namely, notebook computers, laptop computers[.]" in 2016 when Plaintiff(s) registered the domain.

11. Upon information and belief, Defendant's Registration number 3255680 trademark is in the process of being partially cancelled with the United States Trademark Office.

12. Upon information and belief, Defendant's Registration number 3255680 is

being partially cancelled for "Online retail store featuring computers, computer peripherals and computer accessories, namely, notebook computers, laptop computers" with the United States Trademark Office.

13. In other words, Defendant does not have an online store that <u>features computers</u> among other necessary goods.

14. Defendant's use of the Mark IFIXIT is descriptive, it is definitely not distinctive.

15. Defendant engages in linguistic gymnastics to convince the Judicial that it has an online store featuring computers and other goods.

16. Upon information and belief, many of Defendant's consumers are hobbyists.

17. Upon information and belief, Hobbyists and the most of the rest of the world do not recognize Defendant's definition of a computer.

18. Plaintiff(s) have federal common law rights in the IFIXITUSA trademark.

19. Plaintiff(s) have federal common law rights in the IFIXITUSABUSINESS trademark.

20. Defendant submitted a complaint with WIPO, initiated an administrative proceeding against Plaintiff(s) registration of the Disputed Domain and sought an order to transfer the ownership rights of the Disputed Domain to Defendant.

21. The UDRP proceeding (the "Proceeding") was decided by a single WIPO

panelist. The Panelist issued a decision directing transfer of the Disputed Domain to Defendant.

22. The Plaintiff(s) have ten business days to commence an action in this district to stop the transfer of the Disputed Domain from taking place.

23. Despite the fact that the Defendant had agreed to submit to the jurisdiction of the courts in this District, to decide de novo whether the Plaintiff(s) ownership of the Disputed Domain violates the Defendant's rights, under the Lanham Act, 15 U.S.C. 1125(d), the single Panelist did not apply Ninth Circuit law to reach its decision.

24. In filing the Proceeding, the Defendant chose to submit to the jurisdiction of this Court, and to have the laws of the United States, as interpreted by the Ninth Circuit and the courts in this District, apply to the parties' dispute.

25. Yet, Defendant completely disregarded the laws of this Circuit in filing a Proceeding that amounts to a naked attempt at Reverse Domain Name Hijacking.

26. Under United States law, a claim for cybersquatting cannot stand, unless, first, a complaining party has rights under the Lanham Act, and second, a trademark holder's claimed rights pre-date the rights of the alleged cybersquatter's rights in its domain name. Finally, the trademark holder must establish that there was a registration of a domain with a bad faith

intent to profit from a known trademark.

27. At least one of the three required elements are lacking in this case.

28. Upon information and belief, Defendant was aware that its UDRP complaint needed to meet the standards not of the UDRP, but of the Lanham Act. It was not enough to craft a complaint that could prevail in an administrative dispute proceeding (before one Panelist) – to avoid constituting reverse domain name hijacking under the Act, the UDRP complaint needed to not run afoul of 15 U.S.C. 1114(2)(D)(ii) and (iv).

29. Upon information and belief, when filing the initial WIPO proceeding, Defendant failed to inform the WIPO Panelist that Defendant's trademark ifixit was in the process of being cancelled.

30. Plaintiff(s) Domain Name are not confusing similar to Defendant's Mark.

31. The Owner of the Disputed Domain IFIXITUSABUSINESS.com name is listed with the GoDaddy.com registrar as Combine Performance & Sarkes Mkrdichian Golf. This name is listed in error. The actual ownership of the IFIXITUSABUSINESS.com domain are Combine Performance LLC and Sarkes Mkrdichian LLC.

32. Plaintiffs' registration of the Disputed Domain was not in bad faith.

33. Information concerning the Defendant's factual online sales listings are publicly available in the archived internet.

34. Plaintiffs acquired the registration of the Disputed Domain because they are descriptive of the goods and service offered by the Plaintiffs.

35. The Disputed Domain names are not distinctive.

36. I fix it, U fix it, we fix it, fix it, I fix, or almost any combination of these words are descriptive terms used to describe a business's goods or services.

37. I fix it, U fix it, we fix it, fix it, I fix, or almost any combination of these words are not distinctive terms instead are commonly used to describe a business's goods or services.

38. Plaintiff(s) have co-existed with Defendant for more than the last three years, offering services and goods without any known issues of consumer confusion.

39. During more than three (3) years, Defendant took no action and allowed Plaintiff(s) to rely on its inaction to build its business. It is unquestionable that Defendant was aware of Plaintiff since at least May of 2017; and for at least three years following that May 2017 date, Defendant commenced no legal action against Plaintiff

40. Plaintiff(s) conducted business with Defendant since at least May of 2017.

*Figure 1. Since May 11, 2017 IFIXITUSA has been operating with Defendant.*

41. Moreover, given the different look and feel of the parties' Web sites, their consumers, and the descriptive and non-distinct nature of their names, and crowded field, confusion is not likely.

42. At no point have Plaintiffs offered the Disputed Domain for sale.

43. As stated previously, Plaintiffs' interest in the Disputed Domain was for its descriptive value. Plaintiffs wanted their specific consumers to know what services and goods they offer.

44. For the aforementioned reasons, Plaintiffs seek a declaration that the Disputed Domain is rightfully owned by Plaintiffs, and a finding that Defendant has engaged in reverse domain name hijacking.

45. In accordance with the Internet Corporation for Assigned Names and Number (ICANN) Policy, Plaintiff provided notice to Defendant that a lawsuit would be commenced against it concerning registration of the

COMPLAINT - 8

Disputed Domain name within a ten-day period.

## COUNT ONE
## Declaration Under Anticybersquatting Consumer Protection Act

46. Plaintiff realleges and incorporates all preceding paragraphs.

47. Defendant's trademark is in the process of being cancelled.

48. Defendant did not inform the WIPO of this cancellation proceedings.

49. Plaintiffs have never tried to profit from the Defendant's Mark.

50. Defendant's Mark is not distinctive at the time of the registration of the Disputed Domain.

51. Plaintiff(s) and Defendant do not offer the same goods or services at the time of the Disputed Domain registration.

52. Defendant's Mark is not famous.

53. The Disputed Domain is not a personal name.

54. Defendant has priority and superior rights to the IFIXITUSA and IFIXITUSABUSINESS Marks for online stores featuring computers.

55. Plaintiffs offer bona fide offerings of goods and services.

56. Forms of the Disputed Domain are used to commonly identify the goods or services offered by Plaintiffs.

57. Plaintiffs have made no attempt to divert consumers from the Defendant.

58. Plaintiff have made no attempt to disparage the Defendant with their use of

the Disputed Domain.

59. The Plaintiffs did not attempt to mislead or provide false contact information when applying for the registration of the Disputed Domain.

60. Plaintiffs believed that their acquisition of the Disputed Domain was lawful under 15 U.S.C. 1125(d)(1)(b)(ii).

61. Plaintiffs did not have the intent to harm the goodwill presented by the mark, neither was the intent to tarnish or disparage the Defendant or its Mark.

**COUNT TWO**
**Declaratory Judgment**

62. Plaintiff realleges and incorporates all preceding paragraphs.

63. A dispute exists between  Plaintiffs and Defendant concerning Plaintiffs' right to acquire and use the Disputed Domain. As a consequence of the dispute, an actual and justiciable controversy exists between the Plaintiffs and Defendant.

**COUNT THREE**
**Reverse Domain Name Hijacking**

64. Plaintiffs reallege and incorporate paragraphs above.

65. Defendant initiated the UDRP proceeding against Plaintiffs in a bad faith attempt to deprive the Plaintiffs of the Disputed Domain, while the Defendant knew its Mark was in the process of cancellation.

66. Defendant did not inform that Panel about the cancellation action as required.

67. Defendant mislead the Panel about the ownerships of the Disputed Domain.

68. Upon information and belief, Defendant failed to inform the Panel that the parties have been doing business together since at least 2017.

69. Defendant informed the panel that they sell computers and have regularly since 2006.

70. Upon information and belief, Defendant knew that its definition of computers was not accepted by their consumers.

71. Defendant filed the UDRP proceedings in retaliation.

72. Defendant knew and interacted with Plaintiff(s) and Plaintiffs' Disputed Domain for more than three years before filing the UDRP proceeding.

73. Defendant chose to submit itself and this dispute to the jurisdiction of this Court.

74. Defendant should have been on notice that a party who misrepresents its trademark rights, and whose trademark rights are under cancellation, should not interfere with another party's rights in a domain name under the Anticybersquatting Consumer Protection Act.

75. Plaintiffs use the Disputed Domain to compete in the field of fixing computers, there are countess companies in countless industries,  using some

variation of fix it in their names and domain names.

76. Under the UDRP rules, Defendant had a duty to certify that the information contained its UDRP complaint and in its responses to procedural orders were, to the best of its knowledge, complete and accurate.

77. Instead, the Defendant knowingly provided the UDRP panel with incomplete and misleading information concerning its Mark, in connection with its bad faith scheme to gain control over the Disputed Domain and retaliate against the Plaintiff(s).

78. The ICANN defines reverse name hijacking  as "using the Policy in bad faith to attempt to deprive a registered domain name holder of a domain name."

79. The events described herein constitute reverse domain name hijacking and warrant relief, damages and attorneys' fees and costs for Plaintiff under 15 U.S.C. 1114.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request the that Court enter judgment:

1.  Declaring that Plaintiffs registration and use of the Disputed Domain is not unlawful.

2.  Declaring that the Plaintiffs are not required to transfer the Disputed Domain

to Defendant: and

3. Declaring that the Registrar GODADDY.COM LLC shall not transfer the registration for the Disputed Domain; and

4. Declaring that the Defendant has engaged in Reverse Domain Name Hijacking; and

5. Awarding damages to proof at trial but in an amount not less than $100,000; and

6. Jury Trial on all things triable; and

7. Awarding attorney's fees and costs pursuant to 15 U.S.C. 1117 to Plaintiff; and

8. For such other and further relief as the Court shall deem appropriate.


Dated May 12, 2021


BROWN PATENT LAW


s/Nathan Brown
Nathan Brown
15100 N. 78th Way, Suite 203
Scottsdale, AZ 85260
*Attorney for Plaintiff*

**COPPER CANYON LAW, LLC**

s/Timothy Coons
Timothy F. Coons
43 East 1st Avenue
Mesa, AZ  85210
*Attorney for Plaintiff*