**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IFIXITUSA LLC; and Sarkes Mrkdichian LLC, <br><br> Plaintiffs, <br><br> v. <br><br> Ifixit Corporation, <br><br> Defendant. | No. CV-21-00887-PHX-DGC <br><br> **ORDER** |

This case involves a dispute over the internet domain names IFIXITUSA.com and IFIXITUSABUSINESS.com. Plaintiffs IFIXITUSA LLC and Sarkes Mrkdichian LLC brought this action to halt the transfer of those domain names to Defendant iFixit Corporation.

Plaintiffs have filed a motion to strike Defendant's affirmative defenses. Doc. 46. The motion is fully briefed (Docs. 53, 54), and neither side requests oral argument. For reasons stated below, the motion will be granted in part and denied in part.

**I.    Background.**

In 2007, Defendant federally registered the "IFIXIT" trademark in connection with an online store featuring computers, related accessories, and electronic instruction and repair manuals. Doc. 28 ¶¶ 6-8; *see* U.S. Patent and Trademark Office, *Trademark Electronic Search System*, https://tmsearch.uspto.gov/bin/showfield?f=doc&state=4808:

vm8jv4.2.7 (last visited Aug. 22, 2022).  Plaintiffs registered the domain names with GoDaddy.com – IFIXITUSA.com in 2016 and IFIXITUSABUSINESS.com in 2020. Doc. 28 ¶ 33; *see* Internet Corporation for Assigned Names and Numbers, *Registration Data Lookup Tool*, https://lookup.icann.org/en/lookup (last visited Aug. 22, 2022).

After learning of the domain names in early 2021, Defendant initiated a domain name transfer proceeding with the World Intellectual Property Organization ("WIPO"), a United Nations agency that provides domain name dispute resolution.  Doc. 28 ¶¶ 3, 22; *see Baklan v. All Answers Ltd.*, No. CV-20-00707-PHX-JZB, 2020 WL 6063254, at *1 n.1 (D. Ariz. Oct. 14, 2020) (citing WIPO, https://www.wipo.int/portal/en/).  In May 2021, a WIPO panel ordered that the domain names be transferred to Defendant.  Doc. 28 ¶ 23; *see iFixit v. Mrkdichian*, No. D2021-0381, § 8 (WIPO May 2, 2021), https://www.wipo.int/amc/en/domains/search/text. jsp?case=D2021-0381.[1]

Plaintiffs brought this action on May 18, 2021, asserting claims under the Anticybersquatting Consumer Protection Act ("ACPA"), Pub. L. No. 106-113, §§ 3001-10, 113 Stat. 1501 (1999).  Doc. 1.  The ACPA amended the Lanham Act, 15 U.S.C. § 1051 et seq., which "protects the use of trademarks in interstate and foreign commerce." *Shenzhen Big Mouth Techs. Co. v. Factory Direct Wholesale, LLC*, No. 21-CV-09545-RS, 2022 WL 1016666, at *3 (N.D. Cal. Apr. 5, 2022).  The ACPA is codified in scattered sections of Title 15 of the United States Code, including 15 U.S.C. §§ 1114(2)(D) and 1125(d). *See Mira Holdings, Inc. v. Regents of Univ. of Cal.*, No. 6:18-cv-190-Orl-37GJK, 2018 WL 8244597, at *3 n.1 (M.D. Fla. Dec. 10, 2018).

On June 13, 2022, the Court granted Defendant's motion to dismiss count three of Plaintiffs' second amended complaint, which claims that Defendant engaged in reverse domain name hijacking under § 1114(2)(D)(iv) by misleading the WIPO into issuing the transfer order.  Doc. 33 at 11-12; *see* Doc. 28 ¶¶ 78-96.  The Court denied the motion with

---

[1] The WIPO panel concluded that the domain names were confusingly similar to the IFIXIT mark, Plaintiffs had no right or legitimate interest in them, and Plaintiffs had registered them in bad faith. *See id.* § 7(A)-(C).  The WIPO decision "is not accorded deference on the merits in [this] federal court." *Dent v. Lotto Sport Italia SpA*, No. CV-17-00651-PHX-DMF, 2021 WL 242100, at *1 (D. Ariz. Jan. 25, 2021) (citations omitted).

respect to the claim that Plaintiffs' registration and use of the disputed domain names are not unlawful under § 1125(d)(1) (count one) and the claims for declaratory and injunctive relief (counts two and four).   Doc. 33 at 4-10, 12; *see* Doc. 28 ¶¶ 48-77, 97-99.

Defendant answered the second amended complaint on June 27, 2022.   Doc. 41. Defendant largely denies Plaintiffs' allegations and asserts three affirmative defenses: (1) unclean hands, (2) estoppel, and (3) material misstatements.  *Id.* at 7.[2]   Defendant also asserts counterclaims against Plaintiffs for trademark infringement and violation of the ACPA.  *Id.* at 8-15.   Plaintiffs move to strike the affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure.   Doc. 46.

## II.    Legal Standard for Motions to Strike.

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   Fed. R. Civ. P. 12(f); *see Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).   "The decision to grant or deny a motion to strike is within the Court's discretion."  *United States v. Lacey*, No. CR-18-00422-PHX-SPL, 2019 WL 317672, at *1 (D. Ariz. Jan. 24, 2019); *see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018).   But "motions to strike are a drastic remedy and generally disfavored."  *Holyoak v. United States*, No. CV 08-8168-PHX-MHM, 2009 WL 1456742, at *1 (D. Ariz. May 21, 2009); *see Storz Mgmt. Co. v. Carey*, No. 2:18-CV-00068-TLN-DB, 2022 WL 2181661, at *1 (E.D. Cal. June 16, 2022) ("Rule 12(f) motions . . . are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.") (citations omitted).

## III.   Plaintiffs' Motion to Strike.

Plaintiffs suggest that Defendant's affirmative defenses do not meet the standard for pleading claims set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).   Doc. 46 at 3; *see also* Doc. 54 at 1 (asserting that the affirmative defenses "do not contain a short

---

[2] "An affirmative defense is a defense that does not seek to negate the elements of the plaintiff's claim, but instead provides a basis for avoiding liability even if the elements of the plaintiff's claim are met."   S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary to Rule 8 (2022) (citing cases).

- 3 -

and plain statement of the claim showing the pleader is entitled to relief").[3]  Defendant argues that it need only provide "fair notice" of its affirmative defenses and "[n]othing more." Doc. 53 at 2.

The pleading of affirmative defenses is governed by Rule 8(c), which requires a party to "affirmatively *state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(c) (emphasis added). Rule 8(c) does not contain the language of Rule 8(a) requiring a "short and plain statement of the claim *showing* the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a) (emphasis added). The Ninth Circuit has not yet decided whether the *Twombly* standard for pleading claims under Rule 8(b) applies to affirmative defenses, but this Court has expressed the view that it does not. *See Ameristar Fence Prods., Inc. v. Phx. Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010) ("The Court is of the view that the pleading standard[] enunciated in *Twombly* . . . [has] no application to affirmative defenses pled under Rule 8(c).") (citations omitted); *see also G & G Closed Cir. Events, LLC v. Mitropoulos*, No. CV-12-0163-PHX-DGC, 2012 WL 3028368, at *1 (D. Ariz. July 24, 2012); *Fed. Trade Com'n v. N. Am. Mktg. & Assocs., LLC*, No. CV-12-0914-PHX-DGC, 2012 WL 5034967, at *1 (D. Ariz. Oct. 18, 2012). "The Court will leave any extension of *Twombly* to the Supreme Court or the Ninth Circuit." *G & G*, 2012 WL 3028368, at *1.

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Fair notice requires "describing the defense in general terms." *See Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015). "Although fair notice is a low bar that does not require great detail, it does require a defendant to provide some factual basis for its affirmative defenses." *Spencer v. Lopez*, No. 1:20-cv-01203-JLT-BAK (SKO) (PC), 2022 WL 3335626, at *2 (E.D. Cal. Aug. 12, 2022) (quoting *Gomez v. J.*

---

[3] The *Twombly* standard "[does] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible when it is brought under a cognizable legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016)). Plaintiffs contend that each affirmative defense is insufficient under the "fair notice" standard. Doc. 46 at 3.

### A.     Unclean Hands.

Defendant's first affirmative defense states that "Plaintiff's claims for injunctive and declaratory relief are barred by the doctrine of unclean hands." Doc. 47 at 7. According to Plaintiffs, this defense is conclusory and fails to state what behavior gave Plaintiffs unclean hands. Doc. 46 at 4. Defendant argues that its pleading, when read as a whole, makes the factual basis for its unclean hands defense "readily apparent." *Id.* Doc. 53 at 2. The Court agrees with Defendant.

Defendant alleges in its counterclaim that, with full knowledge of Defendant's federally registered IFIXIT mark, Plaintiffs registered website domains and social media accounts containing the mark and used the mark without Defendant's permission to market their own businesses and trade on Defendant's goodwill. Doc. 41 at 9-12. These allegations are sufficient to provide fair notice of the factual basis for the unclean hands defense. *See Railcar Mgmt., LLC v. Cedar AI, Inc.*, No. C21-437 TSZ, 2022 WL 1289602, at *2 (W.D. Wash. Apr. 29. 2022) (denying motion to strike unclean hands defense and explaining that "although the affirmative defenses are terse and boilerplate in nature, when linked to the facts alleged in both operative pleadings, they provide . . . sufficient notice concerning the contours of the asserted defenses").

Plaintiffs assert that it is not appropriate for the Court to consider the allegations in Defendant's counterclaim when evaluating fair notice for an affirmative defense. Doc. 54 at 4. But Plaintiffs cite no legal authority for this assertion and courts routinely look to the pleadings as a whole in evaluating fair notice. *See*, *e.g.*, *Railcar Mgmt.*, 2022 WL 1289602, at *2; *Certified Neutraceuticals, Inc. v. den Hoed*, No.: 3:18-cv-00777-H-LL, 2019 WL 329484, at *3 (S.D. Cal. Jan. 25, 2019) ("After reviewing the pleadings, the Court concludes that the affirmative defenses at issue[, which include unclean hands,] give Plaintiff fair notice of the defenses as they are well-established and are adequately

supported by allegations in the answer."); *Outdoor Recreation Grp. v. Schude*, No. CV 21-4828-MWF (PLAx), 2021 WL 6804245, at *2 (C.D. Cal. Nov. 30, 2021) (considering the answer and counterclaim in deciding whether the defendant sufficiently stated an unclean hands defense).[4]

The Court will deny Plaintiff's motion with respect to the unclean hands defense.

**B.     Estoppel.**

Defendant's second affirmative defense states that "Plaintiffs' claims are barred by the doctrine of estoppel because they misrepresented their reasons for acquiring the disputed domains[.]" Doc. 41 at 7. Plaintiffs argue that the estoppel defense fails to provide fair notice of its factual basis and that it is unclear how the doctrine of estoppel could even apply in this case. Doc. 46 at 5. Defendant counters that it clearly states the estoppel defense and the pleadings generally describe the factual basis for the defense. Doc. 53 at 2.

An "'essential element'" of estoppel is "'detrimental reliance on the adverse party's misrepresentations.'" *Lenz v. Universal Music Corp.*, No. C 07-3783 JF, 2010 WL 702466, at *12 (N.D. Cal. Feb. 25, 2010) (quoting *Lyng v. Payne*, 476 U.S. 926, 935 (1986)). Defendant's pleading gives no hint as to how Defendant detrimentally relied on Plaintiffs' statements regarding why they acquired the disputed domains. Rather, the pleading clearly alleges that Defendant registered the IFIXIT mark and registered its own domain using the mark years before Plaintiffs registered the disputed domains. *See* Doc. 41 at 8-10. It is unclear how estoppel has any bearing on the subject of this litigation, and the defense therefore fails to give fair notice of its nature and scope. The Court will grant Plaintiffs' motion with respect to the estoppel defense.

---

[4] It is worth noting that some courts have held that "[f]or well-established defenses, merely naming them" may provide fair notice. *Storz Mgmt.*, 2022 WL 2181661, at *1. Unclean hands is often found to be one of these "well-established defenses whose application is typically self-explanatory." *Id.* at *3; *see also Brooks v. Tapestry, Inc.*, No. 2:21-cv-00156-TLN-JDP, 2022 WL 3229779, at *4 (E.D. Cal. Aug. 10, 2022) ("[T]he doctrine of unclean hands is a well-established, self-explanatory defense."); *Vora v. Equifax Info. Servs., LLC*, No. SACV 19-00302 AG (KESx), 2019 WL 3220023, at *2 (C.D. Cal. May 29, 2019) ("Failure to mitigate, laches, the statute of limitations, and unclean hands are each 'well-established defenses' that provide Plaintiff with fair notice of their nature.").

### C. Material Misstatements.

Defendant's third affirmative defense states that "Plaintiffs' claims are barred because they are based upon material misstatements to the WIPO panel." Doc. 41 at 7. Defendant does not oppose the request to strike this defense given the Court's dismissal of Plaintiffs' reverse domain hijacking claim (count three). Doc. 53 at 2; *see* Doc. 36 at 11-12. The Court will grant Plaintiffs' motion in this regard.

**IT IS ORDERED** that Plaintiffs' motion to strike affirmative defenses (Doc. 46) is **granted** with respect to the estoppel and material misstatement defenses and **denied** as to the unclean hands defense.

Dated this 24th day of August, 2022.

David G. Campbell
Senior United States District Judge