**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IFIXITUSA LLC; and Sarkes Mrkdichian LLC,<br><br>        Plaintiffs/Counterdefendants,<br><br>v.<br><br>iFixit Corporation,<br><br>        Defendant/Counterclaimant. | No. CV-21-00887-PHX-DGC<br><br>**ORDER** |

      Pursuant to Federal Rule of Civil Procedure 26(c), the parties have filed a stipulated motion for a protective order. Doc. 61. The parties seek protection to facilitate the exchange of sensitive business information during discovery. *Id.* at 1. The Court will deny the motion without prejudice.

      "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). "Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *Id.*; *see Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) ("[A] 'good cause' standard 'applies to private materials unearthed during discovery[.]'") (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)); *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("Any [Rule 26(c)] order . . . requires

that the court's determination 'identify and discuss the factors it considered in its 'good cause' examination[.]'") (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002)).

"For good cause to exist, the party seeking protection bears the burden of showing *specific prejudice or harm* will result if no protective order is granted." *Phillips*, 307 F.3d at 1210-11 (emphasis added); *see Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test"). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211; *see Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) ("We reasoned in *Phillips* that when a district court grants a protective order to seal documents during discovery, 'it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'").

The parties' one-page motion does not identify specific prejudice or harm that will result from public disclosure of the unidentified business information. Doc. 61 at 1. Nor does the motion otherwise show good cause for a protective order as required by Rule 26(c). The motion asserts only that the proposed order "will protect against undue disclosure of such information and undue burden and expense associated with litigation involving such information." *Id.* This generalized claim does not show good cause under Rule 26(c). And the proposed "blanket" protective order permitting each party to unilaterally designate documents as "confidential" or "attorneys eyes only" (Doc. 61-1) "does not provide sufficient judicial scrutiny to determine whether each particular document should [be protected from public disclosure]." *Carrillo v. Cnty. of Santa Cruz*, No. 20-CV-06973-BLF, 2021 WL 3633847, at *1 (N.D. Cal. Aug. 17, 2021); *see also Holtz v. State Farm Mutual Auto. Ins.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that "a party seeking the protection of the court via a blanket protective order typically does not make a

'good cause' showing required by Rule 26(c) with respect to any particular document"); *Stevenson v. Holland*, No. 1:16-cv-01831-AWI-JLT, 2021 WL 4318122, at *6 (E.D. Cal. Sept. 23, 2021) ("As the Ninth Circuit has stated, a stipulated blanket protective order generally does not by itself demonstrate 'good cause' for sealing specific information and documents.") (citing *Kamakana*, *Foltz*, and *Beckman*).

The Court will deny the motion without prejudice to the parties filing a motion that makes the required showing. The parties should at a minimum identify specific categories of information they seek to protect and provide a sufficient factual basis for the Court to engage in the scrutiny required by Rule 26(c) and Ninth Circuit law, as described above. Of course, the parties are also free to enter into their own agreement about the handling and disclosure of information produced in discovery. *See Allen v. Farmer*, No. CV-20-01298-PHX-SPL, 2021 WL 2454444, at *1 (D. Ariz. May 14, 2021) (denying a joint motion for a protective order and explaining that the parties "remain free to mutually enter into a written agreement to facilitate the exchange of confidential disclosures without court approval or supervision").

**IT IS ORDERED** that the parties' stipulated motion for entry of protective order (Doc. 61) is **denied** without prejudice.

Dated this 28th day of September, 2022.

David G. Campbell
Senior United States District Judge